JAMES POWERS *vs.* REYNOLDS BROTHERS, INC.

Norfolk.   March 29, 1937. — June 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Motor Vehicle*, Operation.

A motor truck weighing more than four tons with its load was governed by the first clause of the first sentence of G. L. (Ter. Ed.) c. 85, § 31, and was not a "vehicle" within, nor governed by, the second clause, and might be operated on a public way at a speed up to fifteen miles an hour.

TORT. Writ in the Superior Court dated August 11, 1934.

The action was tried before *F. T. Hammond*, J. There was a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*D. A. Foley*, for the plaintiff.

*J. W. Blakeney, Jr.*, for the defendant.

QUA, J. The plaintiff was injured on January 6, 1934, as the result of a collision on Revere Street in Canton between a "fire truck" on which the plaintiff was riding and an "oil truck" owned by the defendant and operated by its servant. After a verdict for the defendant, the plaintiff presses exceptions to the refusal of the judge to give certain rulings requested by him and to a portion of the charge.

The exceptions relate solely to the construction to be given to the first sentence of G. L. (Ter. Ed.) c. 85, § 31.*

---

* See now St. 1938, c. 171, § 2. — REPORTER.

That sentence reads, "No traction engine, with or without trailers, and no motor truck which with its load weighs more than four tons shall be operated upon any public way at a speed greater than fifteen miles an hour; and no vehicle which with its load weighs more than four tons shall travel upon any such way at a speed greater than four miles an hour when equipped with metallic tires, nor greater than twelve miles an hour when equipped with tires of rubber or other similar substance." It was agreed that the defendant's truck with its load weighed approximately twenty-one thousand five hundred pounds and that it was equipped with pneumatic rubber tires, and there was a finding by an auditor that almost immediately before the collision it had been driven at a speed of fifteen miles an hour. The plaintiff contended that a speed greater than twelve miles an hour was unlawful, while the defendant contended that it could lawfully operate its truck up to fifteen miles an hour. The trial judge adopted the defendant's contention.

It is difficult to give a construction to the sentence quoted from § 31 in its present form which will at the same time give full force to that part of the sentence which precedes the semicolon and to that part which follows it, accord to the word "vehicle" its ordinary inclusive meaning, and admit of practical application to known conditions in a reasonable manner. The difficulty arose through the passage of St. 1918, c. 116, § 2, wherein important changes were made in certain vital words of the preëxisting law. See St. 1913, c. 803, § 2. If the second part of the sentence is held to limit to twelve miles an hour the speed of a motor truck having rubber tires, the result will be that the first part, which alone expressly mentions motor trucks and which purports to establish a general rule governing them, will be confined, in its application to trucks, to such as have tires of some material which is neither metal nor "rubber or other similar substance." This would seem practically equivalent to rendering that provision nugatory. If there are, or if there were in 1918, any motor trucks which would fit this description, it seems impos-

sible that the Legislature could have intended to make a regulation for such trucks alone, without describing them, in a form appropriate for a regulation of motor trucks in general, and permitting to such unascertained class a speed in excess of that allowed to trucks having rubber tires.

It is possible, however, to construe the sentence in its present form as intended to deal specifically with traction engines and motor trucks in that part which precedes the semicolon and to deal separately with all other vehicles in that part which follows the semicolon. We are well aware of the difficulties inherent in this construction, and that it interprets the word "vehicle" in a sense narrower than that in which it is commonly used and very likely narrower than that in which it is used later on in the same section, but on the whole we think these objections less serious than those encountered by the construction first above suggested. Scope will be left for the operation of both parts of the sentence. Moreover, this is a penal statute (see § 32), and as such it should be construed with some strictness. We do not think that it limits the speed of motor trucks of the specified weight equipped with rubber tires to twelve miles an hour, although it is clear that such trucks cannot lawfully be operated at a speed greater than fifteen miles an hour.

*Exceptions overruled.*